**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BILLY J. ROBERTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )     **Case No.     CIV-06-1253-R** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

This matter is before the Court on the Plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (hereafter called "EAJA"), 28 U.S.C. §2412(d). The Defendant, Commissioner, has responded to the motion and has indicated that he has no objection to the relief requested. This case has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(3). For the reasons stated herein, it is recommended that Plaintiff's application be **GRANTED** in the amount of **$5,297.10.**

## DISCUSSION & FINDINGS

Under the EAJA, a court shall award a prevailing party attorney fees unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). The Plaintiff obtained a sentence four (4) remand under 42 U.S.C. §405(g) with judgment entered thereon, thus, Plaintiff is a prevailing party for purposes of EAJA fees without regard to the results obtained on remand. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The test to determine whether the government's position is substantially justified is reasonableness in law and fact, i.e., whether the government's position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government has the burden of proving that the Commissioner's position was

substantially justified. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986). Since the Commissioner has no objection to the motion he has not met his burden of establishing that the government's position was "substantially justified." Thus, the Plaintiff is entitled to an attorney fee award under the EAJA.

Plaintiff seeks an attorney fee award of $5,297.10 based upon 0.8 hour at $162.00 per hour for work performed in 2006; 28.2 hours at $165.00 per hour for work performed in 2007; and 1.7 hours at $165.00 per hour for work performed in 2008. These rates are based on amendments to EAJA. 28 U.S.C. §2412. Plaintiff also seeks to recover paralegal fees of $234.00 based upon 3.1 hours at approximately $75.00 per hour for work performed from 2006-2008. The undersigned finds that both the hourly rates requested and the number of hours expended are reasonable.

### RECOMMENDATION

Based on the foregoing, the undersigned magistrate judge recommends that the Plaintiff's motion for attorney fees under the EAJA be **GRANTED** in the amount of **$5,297.10** based upon 0.8 hour at $162.00 per hour for work performed in 2006; 28.2 hours at $165.00 per hour for work performed in 2007; and 1.7 hours at $165.00 per hour for work performed in 2008.  Also included within the total amount of fees are paralegal fees of $234.00 based upon 3.1 hours at approximately $75.00 per hour for work performed from 2006-2008. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof in accordance with 28 U.S.C. §636 and Local Court Rule 72.1(a).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 2nd day of June, 2008.

SHON T. ERVIN
UNITED STATES MAGISTRATE JUDGE